# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09CV241-03-W
# (3:06CR416-W)

| | |
|---|---|
| RANDAL SMITH, )<br>　　Petitioner, )<br>　　　　　　　　　　　　　　)<br>　　v. )<br>　　　　　　　　　　　　　　)<br>UNITED STATES OF AMERICA, )<br>　　Respondent. )<br>_____ ) | **MEMORANDUM AND**<br>**ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. §2255 filed June 12, 2009 (Doc. No 1). For the reasons stated herein, Petitioner's motion will be denied.

## I. PROCEDURAL HISTORY

On October 26, 2006 Petitioner was Indicted and charged with bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a) and (d) (Count One); bank larceny, in violation of 18 U.S.C. § 22113(b) (Count Two); and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Three). (Case No. 3:06cr416, Doc. No. 1; Indictment.) On January 31, 2007, Plaintiff, through counsel, filed a motion to suppress statements he made to law enforcement. (Id., Doc. No. 9). On February 22, 2007, the undersigned conducted a hearing on Petitioner's Motion to Suppress and on the Court denied Petitioner's motion. Petitioner's jury trial began on March 6, 2007. On March 30, 2007 the jury returned guilty verdicts on all counts of the Indictment. (Id., Doc. No. 19; Jury Verdict).

In preparation for sentencing, the Probation Officer prepared a presentence report

1

("PSR") calculating Petitioner's base offense level at 20 and adding two-levels because the property of a financial institution was taken, two-levels because the bank tellers were physically restrained, and one-level because the loss was $13,643.67, which yielded a total offense level of 27 and a criminal history category of I. Petitioner appeared, with counsel, for sentencing on September 4, 3007. At the sentencing hearing, Petitioner's counsel argued that Petitioner should not receive the two-point enhancement, called for in the Presentence Report ("PSR") for restraint of the bank tellers. The Court agreed with counsel and sustained counsel's objection to the PSR. (Sentencing Transcript at 9-10). Petitioner's counsel also argued that his client should benefit from a two-point reduction for acceptance of responsibility because he felt compelled to go to trial to preserve a constitutional issue. The Court considered counsel's argument, but ultimately Petitioner essentially withdrew the argument as he, through counsel, stated he wished to preserve his appellate rights. (Sentencing Transcript at 38). Counsel also objected to the carjacking being included as part of the offense conduct. After hearing evidence on this issue, including testimony from the victim of the carjacking, the Court overruled counsel's objection. (Id. at 35). Finally, counsel vigorously argued that the Court should grant a variance in this case based on Petitioners's age, lack of prior criminal record, and prior and current mental health issues. (Id. at 40 - 43). The Court denied Petitioner's request and sentenced Petitioner to 71 months imprisonment on Counts One and Two, to be served concurrently, and 84 months on Count Three, to be served consecutive to Counts One and Two. (Id. at 44, 50).

Petitioner filed a Notice of Appeal on September 21, 2007 (case no. 3:06cr416, Doc. No. 28; Notice of Appeal) and on June 13, 2008, the court issued an unpublished decision affirming Petitioner's convictions and sentence. (Id., Doc. No. 41; Unpublished Opinion).

Petitioner filed the instant motion on June 12, 2009 arguing that his counsel was ineffective and law enforcement lied.

## II.  ANALYSIS

A prisoner in federal custody may attack his conviction and sentence on the ground that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack.  28 U.S. C. §2255.  However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.  The Court, having reviewed the record of proceedings below, enters summary dismissal for the reasons stated herein.

### A. Petitioner's Ineffective Assistance of Counsel is Baseless

By his motion, Petitioner alleges that "[his] lawyer kept [him] in the dark the whole case, even on appeal.  He basically put the nail in my coffin."  (Motion to Vacate at 3.)  Petitioner seems to take particular offense to the fact that his lawyer argued that he should get the benefit of acceptance of responsibility despite having gone to trial.  Petitioner argues that he did not confess or aid law enforcement as his attorney argued.  Petitioner states that he "never made any statements confessing guilt.  I was kept in the dark on my suppression hearing."

When alleging a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective

standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen'l. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting Frady, supra). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697).

Applying the foregoing principles to Petitioner's allegations against counsel, it is apparent that he cannot prevail in this matter. Indeed, Petitioner has not established any prejudice. While his attorney did argue at sentencing that he should get the benefit of acceptance of responsibility despite having gone to trial, the Court did not give the benefit of acceptance of responsibility when sentencing Petitioner.[1] Furthermore, his counsel argued at his suppression hearing that any statements Petitioner may have made to law enforcement should be suppressed because Petitioner's confession was obtained illegally as there was evidence that Petitioner could have

---

[1] The Court notes that if the Court had given the Petitioner the benefit of acceptance of responsibility, Petitioner would have been sentenced to less time in prison.

been intoxicated or under the influence; he told agents, after signing the waiver of rights form, that he might need a lawyer and no cleansing statements were given by the agents; Petitioner may have thought the agents had made a promise of leniency if he cooperated; and, Petitioner was disheveled and was not questioned whether he had any sleep or if he was feeling well. (Transcript of Suppression Hearing at 34 - 36). Although Petitioner believes, his counsel "put the nail in [his] coffin," the Court notes that counsel was a strong advocate for Petitioner. Petitioner has not established either prong of the Strickland test and therefore his claim that his counsel was ineffective must fail.

**B. Remaining Claim is Defaulted and Barred**

Next, Petitioner contends that "law enforcement blatantly lied on me." Petitioner alleges that "they lied about the confession. I never signed no confession. They can't say they have an oral recording or a video recording of me doing so. I told them I wasn't signing anything. They lied me into signing a reading of my rights paper. They told me it was a paper that just would be saying I understood my rights. They lied in every phase."

Petitioner did not raise this issue in his appeal to the United States Court of Appeals for the Fourth Circuit.[2] Generally, claims that could have been, but were not raised on direct review

---

[2] Petitioner did challenge this Court's denial of his motion to suppress because the officers conducting the interview ignored his request for an attorney and violated his right to counsel. The issue raised here about law enforcement lying is a new claim not previously raised on appeal. However to the extent the Fourth Circuit finds that Petitioner did raise some form of this claim on appeal, under the law, it is well settled that in the absence of a favorable, intervening change in the law, a petitioner simply is not free to re-litigate claims which already were rejected on direct review. Davis v. United States**,** 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States**,** 537 F.2d 1182 (4th Cir.) cert. denied, 429 U.S. 863 (1976)**.** Accordingly, since Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate this claim in this proceeding, this claim is procedurally barred.

are procedurally defaulted.  "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998).  It is well settled that collateral attacks under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice.  See United States v. Addonizio, 442 U.S. 178, 184-86 (1979).  In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or that he is actually innocent.[3]  See United States v. Mikalajunas, 186 F.3d 490, 492, 93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

Cause means some impediment.  United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001).  The existence of cause for procedural default must turn on something external to the defense. Murray v. Carrier, 477 U.S. 478, 488 (1986). As set forth below, Petitioner has failed to carry his burden of establishing cause.  In order to establish "actual prejudice" the defendant must show "not merely that the errors at his trial create[d] a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. 167-68 (1982).  In this case, Petitioner has not met his burden in establishing cause for failing to raise these claims on direct appeal.  Therefore, Petitioner's claim regarding the voluntariness of his plea is procedurally defaulted.

### III.  ORDER

**IT IS, THEREFORE, ORDERED that the Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant** 28 U.S.C. §2255 (document no. 1) is hereby **DENIED** and

---

[3] Petitioner makes no claim of actual innocence.

dismissed.

**SO ORDERED.**

Signed: June 17, 2009

Frank D. Whitney
United States District Judge